[No. 1626.]

### F. E. Hill and another *v.* The State.

1. Practice in Court of Appeals—Waiver.—Besides pleading to the merits in the court below, the appellants, who were sureties on a bail bond, excepted generally to the sufficiency of the service on them of the citation; but the record on appeal nowhere shows that the exceptions were called to the attention of the court below, or that any action was had upon them in that court. *Held*, that in this condition of the record the presumption obtains in this court that the appellants waived their exceptions and relied alone upon their answer to the merits.

2. Bail Bond.—According to the recitals of the bail bond the offense charged against the accused was that of offering to bribe a witness to "evade" criminal process. *Held*, that the word *evade* is synonymous with the word *avoid* as the latter is used in Article 137 of the Penal Code; and therefore the bail bond sufficiently designates the offense with which the principal obligor was charged.

3. Same—Practice.—One H. was arrested and incarcerated in the county of B. by virtue of a *capias* from the district court of F. county, where he was indicted for a bailable felony. *Held*, that the sheriff of the latter county had lawful authority not only to demand and receive H. from the sheriff of the former, but also to take bail for the appearance of H. to answer the indictment.

4. Same—Forfeiture of a recognizance or bail bond may be judicially declared at any time before the obligation becomes barred by limitation.

Appeal from the District Court of Fort Bend. Tried below before the Hon. W. H. Burkhart.

The judgment appealed from was for the sum of three hundred dollars, which was the amount of bail required of the principal obligor, whose sureties were the appellants. The opinion states the case.

*W. L. Davidson,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge. One Tobe Hill was arrested in Fort Bend county for the offense of offering to bribe a witness in a criminal case to avoid the service of legal process, etc. (Penal Code, Art. 137.) A *capias* was issued for his arrest, directed to the

sheriff of Burnet county, who executed the same by arresting Hill, and confining him in the jail of said Burnet county. Hill, with sureties, executed a bail bond, on the eleventh day of April, 1881, which bond was sent to the sheriff of Fort Bend county to be passed upon by him. This bond was *not* approved by the sheriff of Fort Bend county, nor by the sheriff of Burnet county, nor was the defendant Hill released from custody under the same. By some means, however, this rejected bond was filed among the papers in the cause, and was thereafter declared forfeited, and the sureties thereon cited to appear and answer to the judgment *nisi.* It was then discovered that the bond was a nullity, and the proceedings had thereon were set aside and vacated.

On the eighteenth of April, 1881, the defendant Tobe Hill, together with the appellants as his sureties, executed the bail bond upon which the judgment in this case was based. This bond was executed while Hill was in the Burnet county jail, and was forwarded to the sheriff of Fort Bend county, by whom it was approved, and filed with the clerk of the District Court of Fort Bend county, on the twentieth day of April, 1881. On the second day of May, 1883, this bond was declared forfeited, and a proper judgment *nisi* was entered thereon, and citations were issued and served upon the sureties. Appellants, the sureties, appeared at the next term of the court, and excepted generally to the sufficiency of the service of citation upon them, and also answered to the merits. Upon a trial of the case by the judge, the judgment *nisi* was made final against the principal and sureties. Appellants appeal from this judgment, assigning several errors, which we will notice in the order in which they are presented.

1. "The court erred in overruling the motion to quash the service, because the citation is not as the law requires." This assignment of error is altogether too general to require consideration. It points out no defect in the citation, or the service thereof, and we are left entirely to conjecture as to the particular objection or objections which appellants desire to urge. Nor are we in the least enlightened upon this subject by reference to the brief of appellants' counsel, which merely reiterates the above quoted assignment. But it is unnecessary that we should examine the question further, even were the supposed defects in the citation and service definitely assigned, because it nowhere appears in the record that appellants' motion to quash the

same was acted upon, or called to the attention of the court; and, in the absence of anything in the record with reference to the motion, we must presume that it was waived by the appelllants upon the trial, and that they relied entirely upon their answer to the merits.

2. "The court erred in giving judgment in favor of the State, because the bond describes no offense against the laws of the State." It is recited in the bond that the charge which the defendant is bound to answer is that of offering to bribe a witness to evade criminal process as a witness. We are of the opinion that this is a substantial and sufficient description of the offense named in Article 137 of the Penal Code. In the bond the word *evade* is used instead of the statutory word *avoid*, but these words are equivalent in meaning, and the use of the former instead of the latter would, we think, be sufficient even in an indictment for the offense. We think the bond states substantially the very offense described in the indictment. (*Keppler et al.* v. *The State*, 14 Texas Ct. App., 173; *Robinson et al.* v. *The State*, 11 Texas Ct. App., 309.)

3. "The court erred in giving judgment in favor of the State, because the sheriff of Fort Bend county had no right to require a bond." It appears from the record that Hill was arrested by the sheriff of Burnet county, by virtue of a *capias* issued in this case, and directed to said sheriff. This *capias* was issued at the instance of the sheriff of Fort Bend county, where the indictment was pending, he having learned that Hill was in Burnet county. When the arrest had been made, and the accused confined in jail, he was virtually in the custody of the sheriff of Fort Bend county, and subject to his demand and disposition for the period of sixty days from the commitment. (Code Crim. Proc., Art. 474.) Ordinarily, the officer who holds the *capias* is the proper officer to take bail. (Code Crim. Proc., Art. 467.) But, in a case like the one before us, we are of the opinion that the statute not only authorizes, but makes it the duty of the sheriff of the county in which the prosecution is pending, to demand and receive the custody of the prisoner, and to release him upon sufficient bail; and, while we do not hold that the sheriff of Burnet county was not authorized to take bail in this case, we think it was most proper, and more in accordance with the spirit of our Code, that the sheriff of Fort Bend county should perform that duty.

4. "The court erred in giving judgment in favor of the

State, because the bond under which he had really been held had already been dismissed." This assignment is not supported by the record. The bond which was first declared forfeited, was a nullity, never having been approved, but was on the contrary rejected, and another bond executed in its stead; and upon the execution of this second bond the defendant was released from custody, and not before, and the second bond was in fact the only bond in the case.

5. "The court erred in giving judgment in favor of the State, because the State, through the negligence of her officers, had delayed having the bond forfeited until it was too late to forfeit it." "A recognizance or bail bond entered into by a defendant, and which binds him to appear at a particular term of the District Court, shall be construed to bind him and his sureties for his attendance upon the court from term to term, and from day to day, until discharged from further liability thereon according to law." (Code Crim. Proc., Art. 290.) We know of no authority, and we are not cited to any by counsel for appellants, which supports the proposition contained in this assignment. We are of the opinion that a forfeiture of a recognizance or a bail bond may be declared at any time, unless perhaps after the obligation is barred by the general law of limitation. There was no such bar in this case.

6. "The judgment is contrary to the law and the evidence." This assignment is too general to require consideration, but we have nevertheless carefully examined the evidence upon which the judgment is based, and find that it is in all respects sufficient to support the conclusions of the trial judge as to the facts; and we believe that the conclusions of the learned judge as to the law applicable to the facts are correct.

We find no error in the judgment and it is therefore affirmed.

*Affirmed.*